**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| BOCCONE, LLC,<br><br>        Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>        Defendants. | Civil Action No. 4:19-cv-00243-ALM<br><br>JURY TRIAL DEMANDED<br>PATENT CASE |
| BOCCONE, LLC,<br><br>        Plaintiff,<br><br>  vs.<br><br>LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC.,<br><br>       Defendants. | Civil Action No. 4:19-cv-00244-ALM |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT
CONTENTIONS OR IN THE ALTERNATIVE COMPEL INFRINGEMENT
<u>CONTENTION DISCLOSURES THAT COMPLY WITH P.R. 3-1</u>**

# **TABLE OF CONTENTS**

                                                                                               **Page**

I.      INTRODUCTION ................................................................................................... 1

II.     FACTUAL BACKGROUND .................................................................................. 1

III.    LEGAL STANDARD ............................................................................................. 8

IV.    ARGUMENT ........................................................................................................... 8

          A.      Boccone's Infringement Contention Disclosures Fail To Provide Notice Because They Merely Mimic The Asserted Claim Language ............................... 8

          B.      Boccone Does Not Identify The Accused Products ............................................. 10

          C.      Boccone Has Not Properly Alleged Infringement Under the Doctrine of Equivalents ............................................................................................................ 12

V.      CONCLUSION ...................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alacritech Inc. v. CenturyLink, Inc.*,
   No. 2:16-CV-00693JRGRSP, 2017 WL 3007464 (E.D. Tex. July 14, 2017) .......................... 11

*Computer Acceleration Corp. v. Microsoft Corp.*,
   503 F. Supp. 2d 819 (E.D. Tex. 2007) ....................................................................................... 8

*Connectel, LLC v. Cisco Sys., Inc.*,
   391 F. Supp. 2d 526 (E.D. Tex. 2005) .............................................................................. 8, 9, 10

*DataTreasury Corp. v. Wells Fargo & Co.*,
   No. 2:05-CV-291, 2009 WL 10677805 (E.D. Tex. May 13, 2009) ......................................... 11

*Eolas Technologies Inc. v. Amazon.com*, *Inc*,
   No. 6:15-cv-01038, 2016 WL 7666160 (E.D. Tex. Dec. 5, 2016) ........................................... 13

*EON Corp. v. Sensus USA, Inc.*,
   No. 6:09-cv-116, 2010 WL 346218 (E.D. Tex. Jan. 21, 2010) .................................................. 9

*Garmin Ltd. v. Tomtom, Inc.*,
   No. 2:06-CV-338-LED, 2007 WL 2903843 (E.D. Tex. Oct. 3, 2007) ..................................... 13

*Glob. Sessions LP v. Travelocity.com LP*,
   No. 6:10-CV-671 LED-JDL, 2012 WL 1903903 (E.D. Tex. May 25, 2012) ............................ 8

*Godo Kaisha IP Bridge 1 v. Broadcom, Ltd.*,
   No. 2:16-CV-134-JRG-RSP, Dkt. No. 288 (E.D. Tex. Apr. 27, 2016) ................................... 14

*KI Ventures, LLC v. Fry's Electronics, Inc.*,
   579 F. App'x 985 (Fed. Cir. 2014) .......................................................................................... 14

*Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*,
   No. 5:09-CV-85, 2010 WL 11553254 (E.D. Tex. Dec. 2, 2010) ............................................... 9

*Nike, Inc. v. Adidas Am., Inc.*,
   479 F. Supp. 2d 664 (E.D. Tex. 2007) ..................................................................................... 13

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006) ............................................................................................... 13

*Renesas Technology Corp. v. Nanya Technology Corp.*,
   No. C03-05709JFHRL, 2004 WL 2600466 (N.D. Cal. Nov. 10, 2004) ............................ 10, 11

*Tivo Inc. v. Samsung Elecs. Co.*,
   No. 2:15-CV-1503-JRG, 2016 WL 5172008 (E.D. Tex. July 22, 2016) ................................. 12

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Uniloc USA, Inc. et al. v. ADP, LLC*,
   No. 2-16-cv-00741, D.I. 364 (E.D. Tex. Feb. 5, 2020) ............................................................ 11

**Rules**

P.R. 3-1(c) ....................................................................................................................................... 8

**I.     INTRODUCTION**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") and LG Electronics, Inc. and LG Electronics U.S.A. (collectively, "LG") (collectively, "Defendants"), move to strike Plaintiff Boccone, LLC's ("Boccone") infringement contentions because they fail to comply with Local Patent Rule 3-1 for three independent reasons.  First, Boccone's contentions fail to provide the Defendants with adequate notice of Boccone's infringement theories, as they simply parrot the asserted patents' claim language while excerpting the same handful of screenshots without any context or explanation of how those screenshots support alleged infringement.  Second, Boccone fails to meet its burden of identifying the accused products and instead relies on a catch-all statement that merely describes the *categories* of products, without identifying specific models of products that could allegedly infringe.  Third, Boccone fails to allege infringement under the doctrine of equivalents and instead simply repeats the same one-sentence boilerplate reservation for every claim limitation, in violation of this District's precedents.

Defendants have attempted to resolve these deficiencies in Boccone's contentions through meet and confer correspondence and without court intervention.  Although Boccone initially promised to supplement its contentions, it ultimately reneged on its promise.  Defendants therefore request that the Court strike Boccone's deficient infringement contentions or compel Boccone to amend the contentions to comply with P.R. 3-1.

**II.    FACTUAL BACKGROUND**

Boccone served its P.R. 3-1 infringement contentions on January 13, 2020, asserting infringement of 86 claims across three patents:  U.S. Patent Nos. 10,019,136 ("the '136 Patent"); 10,027,726 ("the '726 Patent"); and 10,027,727 ("the '727 Patent") (collectively, the "Patents-in-

1

Suit").[1] The contentions against LG and Samsung are nearly identical and both are premised on features of the Google Photos application when installed and running on Defendants' smartphone and tablet products. Exs. 2-7 at 2.[2]

Boccone's contentions, however, are replete with deficiencies. The cover pleading and claim charts use catch-all language to describe categories of accused products while identifying only a handful of exemplary product lines or "series" that themselves encompass dozens of different models spanning many years and product generations. For Samsung, Boccone accuses "[s]martphones and tablets (e.g., Samsung Galaxy S10, Galaxy Note, Galaxy Tab, etc.)[3] having Google Photos installed thereon," and for LG, Boccone accuses "[s]martphones and tablets (e.g., LG V40 series, V35 series, G7 series, LG Gpad, G Pad X, G Pad II, etc.) having Google Photos installed thereon." *E.g.* Ex. 1 at 2-3; Ex. 2 at 4; Ex. 5 at 3.

In its infringement claim charts, Boccone uses the same one-sentence boilerplate assertion regarding the doctrine of equivalents for *every* dependent claim or element: "The Accused [Samsung/LG] Devices therefore infringe these elements of [the claim at issue] literally or, in the alternative, under the doctrine of equivalents." *E.g.* Ex. 2 at 20, 22, 25, 27, *etc.*; Ex. 5 at 19, 21, 23, 25, *etc.*

---

[1] Boccone's infringement contentions against both Samsung and LG share one cover pleading, which is attached as Exhibit ("Ex.") 1 to the Declaration of Mark Liang submitted herewith. Boccone's contentions as to the '136, '726, and '727 Patents against Samsung are attached as Exs. 2, 3, and 4, respectively. The contentions as to the '136, '726, and '727 Patents against LG are attached as Exs. 5, 6, and 7, respectively.

[2] Page citations to Exs. 2-7 are to the page number in the PDF documents. Boccone did not provide page numbers in the claim charts.

[3] The "Galaxy Note" and "Galaxy Tab" are not specific models, but are vast product categories that encompass dozens of different Samsung product models sold over several years. *See, e.g.*, https://www.samsung.com/us/mobile/tablets/all-tablets/; https://www.samsung.com/us/mobile/phones/galaxy-note/; https://en.wikipedia.org/wiki/Samsung_Galaxy_Tab_series; https://en.wikipedia.org/wiki/Samsung_Galaxy_Tab_series.

Additionally, for nearly every claim element, Boccone's claim charts repeat the claim language, while excerpting one or more of the same handful of screenshots used throughout all the claim charts, with little to no accompanying explanation. The table below provides three illustrative examples.

| Exhibit Citation | Claim Element Language | Boccone's Infringement Contentions |
|---|---|---|
| '136 Patent, Claim 1, Element 7:<br><br>Ex. 2 at 11-12;<br><br>Ex. 5 at 10-11 | after receiving the user input indicating the at least one of the suggested identifiers or the another identifier for determining the at least one identifier, cause storage of a correspondence between the at least one identifier and the first face; | On information and belief, [Samsung/LG] devices are configured to, after receiving the user input (e.g., a user-instigated touch event, etc.), indicate the at least one of the suggested identifiers (e.g., contact names/labels, etc.) or the another identifier (e.g., a user-implemented text entry in the "New name" field, etc.) for determining the at least one identifier (e.g. a contact identifier, etc.), and cause storage of a correspondence between the at least one identifier and the first face (e.g., the portrait or personal photo, etc.). For example, Samsung devices show the photo associated with the name of a New Contact (e.g., "New Name," etc.) following the contact name-associated process described above: |

| | | |
|---|---|---|
| | |  |
| '726 Patent, Claim 19:<br><br>Ex. 3 at 54-55;<br><br>Ex. 6 at 53-54 | The device as set forth in claim 1, wherein the instructions are configured to cause the device to access at least one server for: receiving at least one web page to cause the device to display the plurality of indicia, the first set of images, the second set of images, and the at least one option for sharing images, wherein the at least one web page further permits the receipt, by the device, the user input in connection with the at least one indicia and the user input in connection with at least one of the second set of images; where the sharing of the | [Samsung/LG] devices infringe Claim 1 and are configured wherein the instructions are configured to cause the device to access at least one server for: receiving at least one web page (e.g., a display of indicia from photos.google.com, etc.) to cause the device to display the plurality of indicia (e.g., one or more pictures of a person and/or pet, etc.), the first set of images, the second set of images, and the at least one option for sharing images (e.g., sharing the selected images or photo album, etc.), wherein the at least one web page further permits the receipt, by the device, the user input (e.g., a user-instigated touch event, etc.) in connection with the at least one indicia and the user input in connection with at least one of the second set of images; where the sharing of the one or more of the second set of images is caused by sending a signal from the device to the at least one server. The Accused [Samsung/LG] Devices therefore infringe these elements of Claim 19 of U.S. Patent |

| | | |
|---|---|---|
| | one or more of the second set of images is caused by sending a signal from the device to the at least one server. | 10,027,726 literally or, in the alternative, under the doctrine of equivalents.<br><br> |
| '727 Patent, Claim 24:<br><br>Ex. 4 at 61-63;<br><br>Ex. 7 at 61-63 | The device as set forth in claim 1, wherein the device is configured such that the user of the device is capable of identifying his or her face and the at least option is capable of being enabled, both for permitting the face recognition information to be shared with the third party user, so that the third party user is capable of sharing, with the user of the device and conditionally based on third party user control, different images that include the face of the user of the device and that are previously accessible | [Samsung/LG] devices infringe Claim 1 and are configured wherein the device is configured such that the user of the device is capable of identifying his or her face and the at least option (e.g., the "Allow contacts to recognize…", etc.) is capable of being enabled, both for permitting the face recognition information to be shared with the third party user, so that the third party user is capable of sharing, with the user of the device and conditionally based on third party user control, different images that include the face of the user of the device and that are previously accessible only via the at least one other device of the third party user, by displaying the different images to the third party user, for the purpose of the sharing thereof, without a prior perceptible indication being received by the third party user from the user of the device in connection with the sharing of the face recognition information. The Accused [Samsung/LG] Devices therefore infringe these elements of Claim 24 of U.S. Patent 10,027,727 |

5

| | | |
|---|---|---|
| | only via the at least one other device of the third party user, by displaying the different images to the third party user, for the purpose of the sharing thereof, without a prior perceptible indication being received by the third party user from the user of the device in connection with the sharing of the face recognition information. | literally or, in the alternative, under the doctrine of equivalents.<br><br>**Note**: As set forth below, the suggested photos (that are not deselected) are received by the user device after the third party user selects "Send" in connection with the "Create Shared Album?" feature. |

Not only does Boccone fail to provide any explanation of how the screenshots allegedly support infringement, but Boccone recycles the same handful of screenshots throughout the entirety of its hundreds of pages of claim charts. For example, in its claim chart for the '136 Patent for dependent Claims 4, 5, 15, 21, and 22, Boccone simply reuses the screenshot(s) used for base Claims 1 and 14, even though the base claims recite different requirements and there is no apparent

6

correspondence between the reused screenshot(s) and the claim language of the dependent claims. *Compare* Ex 2 at 4-19, 46-50 *with* Ex. 2 at 25-28, 51-54, 78-86; *compare* Ex. 5 at 3-18, 44-48 *with* Ex. 5 at 23-26, 49-52, 76-84. Boccone's explanation (or lack thereof) consists of only a few words inserted within the claim language and fails to provide any notice for how its reused screenshots map to the claim language. To illustrate further, for Claim 5, which recites in part, "cause comparison of the at least the portion of the email address, the phone number, or the name of the at least one other person, with contents of a contacts database," Boccone merely excerpts a screenshot of a user's contacts. Ex. 2 at 27-28; Ex. 5 at 25-26. And this same screenshot is repeated from prior claim elements reciting different subject matter. *E.g.* Ex. 2 at 23; Ex. 5 at 18.

Similarly, for the '727 Patent, its Claims 8 and 9 are directed at hardware components of a smartphone or tablet, such as a "plurality of images accessible via the device are accessible by being stored in the at least one non-transitory *memory* of the device" (Ex. 4 at 35; Ex. 7 at 35) and a "plurality of images accessible via the device are accessible by being received over a *network interface* of the device" (Ex. 4 at 36; Ex. 7 at 36). Boccone's claim charts provide no explanation for how these hardware components are met. Rather, it again recycles the same screenshots from the Google Photos software application, which bear no relation to the recited hardware components of a "memory" or "network interface." *See* Ex. 4 at 35-36; Ex. 7 at 35-36.

In an effort to resolve these issues, Defendants sent Boccone a letter on January 28, 2020, identifying deficiencies in Boccone's infringement contentions, and requested a response by February 4, 2020, and submission of revised contentions by February 11, 2020. Ex. 8. On February 4, 2020, Boccone emailed Defendants promising that it would "be supplementing the contentions." Ex. 9. On February 19, 2020, however, Boccone served amended contentions that resolved none of the deficiencies identified in Defendants' January 28 letter, and instead fixed a

7

few unrelated errors. Ex. 10. With the amendments, Boccone attached a letter stating that Boccone was refusing to address any of Defendants' concerns. *Id.*

### III. LEGAL STANDARD

The Court's Local Patent Rules are designed to "further the goal of full, timely discovery and to provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (citations omitted). Compliance with P.R. 3-1 requires disclosure of "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves." *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527-28 (E.D. Tex. 2005). It requires "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." P.R. 3-1(c). "A party may not rely on vague, conclusory language" in its contentions or "simply mimic the language of the claims." *Glob. Sessions LP v. Travelocity.com LP*, No. 6:10-CV-671 LED-JDL, 2012 WL 1903903, at *2 (E.D. Tex. May 25, 2012).

### IV. ARGUMENT

Boccone's cryptic infringement contentions fail to comport with P.R. 3-1 and with this District's applications of the rule in three independent ways.

#### A. Boccone's Infringement Contention Disclosures Fail To Provide Notice Because They Merely Mimic The Asserted Claim Language

Infringement contentions that provide "vague, conclusory language or simply mimic[] the language of the claims when identifying infringement fail to comply with Patent Rule 3-1." *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, No. 5:09-CV-85, 2010 WL 11553254, at *2 (E.D. Tex. Dec. 2, 2010). "[S]imply providing block quotes 'does not necessarily advise a defendant of where a

8

plaintiff believes asserted elements are found in an instrumentality.'" *Id.* (quoting *EON Corp. v. Sensus USA, Inc.*, No. 6:09-cv-116, 2010 WL 346218, at *3 (E.D. Tex. Jan. 21, 2010)). Rather, a plaintiff "must put forward its position as to where it believes particular limitations are met by the accused instrumentalities." *EON Corp.*, 2010 WL 346218, at *3.

This District's decision in *Connectel* is instructive. 391 F. Supp. 2d 526. There, the plaintiff's claim charts "simply mimic[ked] the claim language of the patents-at-issue, rather than explain[] how the accused products infringe the patents-at-issue." *Id.* The court found such disclosures to be insufficient because under P.R. 3-1, "[p]laintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement." *Id.* at 528. It ordered the plaintiff to amend its infringement contentions to comply with P.R. 3-1. *Id.* at 529.

Like the plaintiff in *Connectel*, Boccone's contentions simply quote language from asserted claims with little or no analysis while excerpting screenshots without any context or an explanation. And it recycles the same handful of screenshots across claims and claim elements that recite significantly different requirements. As such, the disclosures fail to provide Defendants with notice of Boccone's infringement theories under P.R. 3-1.

In its February 19 letter, Boccone attempted to justify these deficiencies by citing *Renesas Technology Corp. v. Nanya Technology Corp.*, No. C03-05709JFHRL, 2004 WL 2600466 (N.D. Cal. Nov. 10, 2004). Not only is that case 15 years old and from another District, but its facts do not reflect the situation here. In *Renesas*, plaintiff Renesas reverse-engineered the allegedly-infringing circuitry in defendant Nanya's products and studied Nanya's product numbering guides. *Id.* at *1. In its contentions, Renesas prepared detailed composite schematics to show the circuitry common to Nanya's products. *Id.* The court held Renesas had satisfied P.R. 3-1 because "beyond

9

restating the claim language, [Renesas] map[ped] the claims onto focused schematics for each patent." *Id.* at *6. *Renesas* is a far cry from the situation at hand, as Boccone did no reverse-engineering, prepared no "focused schematics," and provided no detailed mapping of claims to those focused schematics. *Renesas* actually supports Defendants' requested relief, as the court reaffirmed that "it is inappropriate [for infringement contentions] to simply 'mimic the language of the claim,' providing 'no further information to defendants than the claim language itself.'" *Id.* at *4.

Boccone's letter also cited *Uniloc USA, Inc. et al. v. ADP, LLC*, No. 2-16-cv-00741, D.I. 364, at *8 (E.D. Tex. Feb. 5, 2020). But that case addressed an unrelated issue of whether the scope of a means-plus-function claim term must be disclosed in infringement contentions. *Id.* at 7-8. Here, the scope of a means-plus-function claim term is not the issue. Rather, the issue is Boccone's repetition of the claim language to assert infringement with little or no explanation.

### B. Boccone Does Not Identify The Accused Products

According to P.R. 3-1(b), a plaintiff must identify and separately chart each product it accuses of infringement. *See* P.R. 3-1(b). This District's precedent is unambiguous that the onus is on the accuser—not the alleged infringer—to determine and identify which products allegedly infringe the accuser's patents. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693JRGRSP, 2017 WL 3007464, at *3 (E.D. Tex. July 14, 2017). Catch-all language is inadequate. *Id.*; *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:05-CV-291, 2009 WL 10677805, at *6 (E.D. Tex. May 13, 2009) (denying leave to amend to add "catch-all" phrases that attempt to include "any reasonably similar" products, because "such statements fail to provide any specificity and therefore fail to comport with the Patent Rules."); *Tivo Inc. v. Samsung Elecs. Co.*, No. 2:15-CV-1503-JRG, 2016 WL 5172008, at *3 (E.D. Tex. July 22, 2016) ("TiVo cannot simply rely on the

10

'same or similar functionality' language to sweep in additional products that have not been identified with sufficient specificity in the Original Contentions.").

Here, Boccone's identification of Defendants' accused instrumentalities relies on precisely the type of "catch-all" language that courts deem inadequate. As to Samsung, Boccone merely identifies "Smartphones and tablets (*e.g.*, Samsung Galaxy S10, Galaxy Note, Galaxy Tab, etc.) having Google Photos installed thereon." Ex. 1 at 2-3; Ex. 2 at 4. As to LG, Boccone similarly identifies "Smartphones and tablets (e.g., LG V40 series, V35 series, G7 series, LG Gpad, G Pad X, G Pad II, etc.) having Google Photos installed thereon." *E.g.* Ex. 1 at 2-3; Ex. 5 at 3. Boccone only identifies a handful of example product lines or "series," which themselves encompass dozens of product models and generations. Beyond these vast product lines, its accusations use unbounded language like "e.g." and "etc." to broadly encompass any smartphone or tablet with "Google Photos installed." Such catch-all language violates P.R. 3-1(b) and this District's clear instruction that the onus is on Boccone, as the plaintiff, to identify each product model it alleges infringe its patents. Moreover, this is not a situation where the accused instrumentalities are confidential or could be more readily identified by Defendants than Boccone. The identity of Defendants' smartphones and products with Google Photos is in the public domain. Thus, Boccone cannot identify only a handful of purported "example" product lines, identify the rest using only catch-all language, and then expect Defendants to identify and produce discovery for an undefined number of products. Rather, Boccone must separately identify each accused product model as required under P.R. 3-1(b) or accept that discovery will be limited to only those products that are properly identified and accused.

### C. Boccone Has Not Properly Alleged Infringement Under the Doctrine of Equivalents

Patent Rule 3-1(d) requires a plaintiff to describe, for each applicable element of each asserted claim, its position for both literal infringement and under the doctrine of equivalents. *See Garmin Ltd. v. Tomtom, Inc.,* No. 2:06-CV-338-LED, 2007 WL 2903843, at *8 (E.D. Tex. Oct. 3, 2007); *see also Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp. 2d 664, 670 (E.D. Tex. 2007). Boilerplate language does not meet the disclosure goals of the Patent Rules, which serve to "require parties to crystallize their theories of the case early in the litigation." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006).

For example, the plaintiff in *Eolas Technologies Inc. v. Amazon.com, Inc.* used identical generic statements to assert infringement under the doctrine of equivalents, and this District held that the "[p]laintiff's boilerplate language [did] not reserve any special right for Plaintiff to assert DOE contentions at a time of its choosing" and this District struck those contentions under P.R. 3-1(d). No. 6:15-cv-01038, 2016 WL 7666160, at *3 (E.D. Tex. Dec. 5, 2016). Similarly, in *KI Ventures, LLC v. Fry's Electronics, Inc.*, the Federal Circuit agreed with another Texas court's conclusion that a plaintiff's boilerplate statements of reliance on the doctrine of equivalents for certain claim limitations in its infringement contentions were insufficient. 579 F. App'x 985, 991-92 (Fed. Cir. 2014); *see also Godo Kaisha IP Bridge 1 v. Broadcom, Ltd.*, No. 2:16-CV-134-JRG-RSP, Dkt. No. 288, at *4 (E.D. Tex. Apr. 27, 2016) ("[T]he Court does not find that Plaintiff's boilerplate reservation provides adequate notice under the Local Rules in this case.").

Here, like the plaintiffs in the cases above, Boccone consistently asserts the same boilerplate sentence throughout its contentions for every claim element, a total of 160 repetitions of this same sentence across the six claim charts: "The Accused [Samsung/LG] Devices therefore infringe these elements of [the claim at issue] literally or, in the alternative, under the doctrine of

12

equivalents." *E.g.* Ex. 2 at 20, 22, 25, 27; Ex. 5 at 19, 21, 23, 25. Although Boccone includes this boilerplate reservation for each claim element in its claim charts rather than just once in its cover pleading, the reservation's lack of specificity and indiscriminate inclusion for every element makes it no better than the boilerplate reservations that courts in this District have consistently rejected as failing to provide adequate notice. As a result, Boccone's reservation fails to identify whether ***each element*** of ***each claim*** is infringed under the doctrine of equivalents as required by P.R. 3-1(d). Boccone's assertions under the doctrine of equivalents should be stricken.

## V. CONCLUSION

Boccone's infringement contentions violate P.R. 3-1 and this District's application of that rule in the three ways described above. Thus, this Court should strike Boccone's infringement contentions or order it to serve amended disclosures that comport with P.R. 3-1. Defendants further request that the Court amend the current case schedule (Dkt No. 53 in Samsung case; Dkt. No. 49 in LG case) to allow Defendants 30 days to serve amended invalidity contentions following Boccone's service of its amended infringement contentions.

Dated: March 9, 2020

Respectfully submitted,

By: */s/ Mark Liang, with permission by Patrick C. Clutter*
Michael E. Jones (SBN 10929400)
mikejones@potterminton.com
Patrick C. Clutter (SBN: 24036374)
patrickclutter@potterminton.com
**POTTER MINTON, PC**
110 N College Ave., Ste. 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Darin S. Snyder (*pro hac vice*)
dsnyder@omm.com
Luann L. Simmons (*pro hac vice*)
lsimmons@omm.com
David S. Almeling (*pro hac vice*)
dalmeling@omm.com
Mark Liang (*pro hac vice*)
mliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC., LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC.**

Kevin Johnson
kevinjohnson@quinnemanuel.com
Victoria Maroulis
victoriamaroulis@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Marissa Ducca
marissaducca@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan LLP**
1300 I Street NW
Washington DC 20005
Telephone: (202) 538-8109
Facsimile: (202) 538-8100

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD.;
SAMSUNG ELECTRONICS AMERICA, INC.**

15

## **CERTIFICATE OF CONFERENCE**

      I hereby certify that counsel for Defendants have complied with the meet and confer requirements of Local Rule CV-7(h).  This motion is opposed.  The parties engaged in a personal telephonic conference, including local counsel, on March 9, 2020, with the following participants: Derek Dahlgren for Plaintiff and Mark Liang and Patrick Clutter for Defendants.  No agreement was reached because the parties disagreed as to the merits.  Discussions have ended at an impasse.

          */s/ Mark Liang*
          Mark Liang

          */s/ Patrick C. Clutter*
          Patrick C. Clutter