**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| BOCCONE, LLC,<br><br>   Plaintiff,<br><br> vs.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>   Defendants. | Civil Action No. 4:19-cv-00243-ALM<br><br>JURY TRIAL DEMANDED<br>PATENT CASE |
| BOCCONE, LLC,<br><br>   Plaintiff,<br><br> vs.<br><br>LG ELECTRONICS, INC. and<br>LG ELECTRONICS U.S.A., INC.,<br><br>   Defendants. | Civil Action No. 4:19-cv-00244-ALM |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE
PLAINTIFF'S INFRINGEMENT CONTENTIONS OR IN THE ALTERNATIVE
COMPEL INFRINGEMENT CONTENTION DISCLOSURES THAT COMPLY
WITH P.R. 3-1**

Contrary to Boccone's mischaracterization, Defendants' motion does not ask for Boccone's infringement contentions to divulge its evidence supporting infringement or its claim construction positions.  Rather, Defendants' motion objects to Boccone's infringement contentions because they fail to provide Defendants with *notice* of which of Defendants' products allegedly infringe the Patents-in-Suit and how they allegedly do so.  In particular, Boccone's infringement contentions fail to abide by P.R. 3-1 because they do not identify Boccone's infringement theories, do not identify accused products, and do not provide any meaningful explanation of Boccone's allegations under the doctrine of equivalents.

Rather than acknowledge its obligations under P.R. 3-1 and related precedent, Boccone takes a different tactic; it asks the Court to reverse the parties' burdens and the proper order of events.  Specifically, Boccone requests that Defendants provide a list of accused products and theories of *non*-infringement before it provides Defendants with adequate infringement contentions.  The Patent Rules do not contemplate such a prerequisite.  Accordingly, this Court should either strike Boccone's infringement contentions or order Boccone to serve proper ones.

**I.     ARGUMENT**

    **A.     Boccone's Infringement Contention Claim Charts Fail To Provide Defendants With Notice As Required By P.R. 3-1 And This District's Precedent.**

Boccone's arguments that its infringement claim charts comport with P.R. 3-1 are misleading on the facts and incorrect on the law.  In its Opposition, Boccone cherry-picks one claim (Claim 1 of the '136 Patent) out of its 86 asserted claims as its best example of a "proper" contention. Dkt. 60 ("Opp.") at 2-6, Ex. 3 at 3-11.  For this one claim, Boccone highlights all the parentheticals and quoted text that appear in its claim chart, and characterizes the highlighted text as narrative explanations that "identify… where the limitations are met." *Id*. at 2.

1

But actual examination of the parenthetical "narrative" reveals that the text is either just the claim language or a close paraphrasing of it. *See id*. at 2-6. Further, the parentheticals include the unbounded language of "*e.g.*" and "*etc.*" *Id.* For example, the parentheticals accuse: (i) "*i.e.*, the at least one of the plurality of indicia, *etc*." as meeting the "plurality of indicia" limitation; (ii) "*i.e.,* a plurality of suggested identifiers, *etc.*" as meeting the "plurality of suggested identifiers" limitation; and (iii) "*e.g.*, a contact identifier, *etc.*," as meeting the "one identifier" limitation. *Id*. at 4-6. Such practices are the precise "vague, conclusory language or simply mimicking the language of the claims when identifying infringement" that this District rejects. *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005).

Similarly, the block-quotes and screenshots from the accused Google Photos' support website that accompany Boccone's parenthetical "narratives" fall short of the requirements of P.R. 3-1. *See* Opp. at 2-6. Indeed, Boccone's own example demonstrates that it recycled the same set of identical screenshots across many claim elements. *Id.* Similarly, the block-quotes that appear throughout Boccone's contentions are copy-and-pasted from the Google Photos support website. *Id*. at 3-6. Like the screenshots, Boccone fails to explain the block quotes.

Moreover, Boccone's reliance on only one claim out of 86 total asserted claims is no coincidence; the remaining 85 claims—particularly the dependent claims—fall shorter even than the explanation provided in Boccone's example. Defendants detailed several examples of these deficiencies in their Motion, citing Claim 19 of the '726 Patent; Claims 8, 9, and 24 of the '727 Patent; and Claims 4, 5, 15, 21, and 22 of the '136 Patent. Dkt. 55 at 4-7.

Authority from this District applying P.R. 3-1, such as *Connectel* cited above, demonstrates the inadequacy of Boccone's contentions. Although Boccone argues that *Connectel* is "inapposite" (Opp. at 9), the plaintiff's claim charts in that case mirror Boccone's

charts here.  Specifically, the *Connectel* plaintiff's claim charts "simply mimic[ked] the claim language of the patents-at-issue, rather than explaining how the accused products infringe the patents-at-issue" and were thus found to be insufficient under P.R. 3-1 for failing to provide notice of how the accused products met the limitations of each claim.  391 F. Supp. 2d at 527.

A case that Boccone cites, *Rapid Completions LLC v. Baker Hughes Inc.*, to support its position relies on *Connectel* and only reinforces that Boccone's claim charts are deficient.  No. 6:15-CV-724, 2016 WL 3407688, at *1-*2 (E.D. Tex. June 21, 2016); Opp. at 9.  In *Rapid*, the defendants moved to strike the plaintiff's contentions because they comprised of diagrams, links to videos, and screenshots of the defendants' documents and products, which the defendant argued did not provide adequate notice under P.R. 3-1.  *Id.* at *2.  The court agreed with the defendants, noting that "[s]upporting evidence in the form of block quotations from defendant's documents or screen shots of defendant's documents is generally insufficient to satisfy the notice function intended by P.R. 3-1 infringement contentions" and that "[m]erely block quoting a defendant's own documents only shows how the defendants believe their own products operate." *Id.* at *5.  It ordered the plaintiff to serve infringement contention disclosures that complied with P.R. 3-1.  *Id.* at *6.  For the same reasons here, Boccone should be required to serve compliant contentions.

        **B.**     **Boccone's Identification Of Products By Category Is Insufficient.**

Boccone's identification of ambiguous swaths of Defendants' products by functionality or category—rather than by specific models or names—fails to comply with P.R. 3-1, and the case law cited in the Opposition only confirms this.  Boccone first relies on *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693JRGRSP, 2017 WL 3007464, at *3 (E.D. Tex. July 14, 2017); Opp. at 12.  But *Alacritech* reached a mixed result:  (i) the court noted that the plaintiff's identification of 90 specific product models was sufficient under P.R. 3-1; but (ii) plaintiff's

3

reliance on catch-all language rendered the plaintiff's contentions on the whole unacceptable. *Id.* Here, Boccone's claim charts resemble the *Alacritech* plaintiff's contentions only in the respect that was found inadequate. Specifically, Boccone's contentions ***only*** identify products using catch-all language and features (*i.e.*, devices installed with Google Photos), while failing to identify ***any*** specific product models. Dkt. 55, Ex. 1. Boccone's other cited case, *Tivo Inc. v. Samsung Electronics. Co.*, No. 2:15-CV-1503-JRG, 2016 WL 5172008, at *3 (E.D. Tex. July 22, 2016), is simply inapposite. In *Tivo*, the defendant objected to the plaintiff's supplemental contentions because it identified newly-accused products that did not fall within the scope of the original contentions. *Id.* at *3-*4. The court found that some of the newly-identified product models were acceptable in light of the original contentions and others were not. *Id.* at *4. *Tivo* does not stand for the proposition that broad product grouping is adequate under P.R. 3-1.

### C. Boccone's Boilerplate Reservation Of DOE Is Insufficient.

Boccone's only response to Defendants' authority that boilerplate reservations under the doctrine of equivalents are inappropriate under P.R. 3-1 is that Boccone's boilerplate reservation was repeated throughout its claim charts rather than just once in its cover pleading. Opp. at 13-14. This is a distinction without a difference. A boilerplate reservation is as improper when it appears once in a cover pleading as when it is copied and pasted verbatim 160 times across six claim charts as in Boccone's contentions. *See* Dkt. 55 at 12-13 (collecting cases).

### D. Boccone's Request That Defendants Supplement Their Interrogatory Response Reverses The Proper Order Of Events And Burdens.

Boccone seeks to excuse its noncompliance with P.R. 3-1 by arguing that Defendants have not yet provided supplemental answers to Boccone's Interrogatory Nos. 1 and 10. Opp. at 1, 12-15. Boccone's argument, however, reverses the parties' burdens and proper order of events. "It is not a defendant's job to assume how a plaintiff believes each claim element is met

4

or to assume how a plaintiff alleges the Accused Instrumentality infringes." *Rapid Completions*, 2016 WL 3407688, at *6. Put differently, it is not Defendants' burden to draft Boccone's contentions. Yet, this is precisely the relief that Boccone requests in its Opposition.

For example, Boccone's Interrogatory No. 1 asks Defendants to identify the accused products. Opp. at 14. But that onus is on Boccone under P.R. 3-1. This is particularly true given that the Defendants' product models are all publicly available, and "[p]laintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement." *Connectel*, 391 F. Supp. 2d at 528. Boccone's refusal to meet its burden and analyze public information should not be rewarded by requiring the Defendants to do Boccone's work for it by identifying products for Boccone to accuse in response to Interrogatory No. 1.

Boccone's Interrogatory No. 10, in turn, asks Defendants to set forth their non-infringement contentions. Opp. at 14. Boccone's position puts the cart before the horse: Defendants cannot provide meaningful non-infringement theories without Boccone first providing an adequate explanation of its infringement theories. For that reason, the Patent Rules require plaintiffs to "formulate, test, and crystallize their infringement theories before stating their preliminary infringement contentions." *Connectel,* 391 F. Supp. 2d at 527. Accordingly, Boccone must serve adequate preliminary infringement contentions per P.R. 3-1 first.

## II. CONCLUSION

For the foregoing reasons, this Court should strike Boccone's infringement contentions or order it to serve amended disclosures that comport with P.R. 3-1.

Dated: April 20, 2020 Respectfully submitted,

By: */s/ Mark Liang, with permission by Patrick C. Clutter*
Michael E. Jones (SBN 10929400)
mikejones@potterminton.com
Patrick C. Clutter (SBN 24036374)
patrickclutter@potterminton.com
**POTTER MINTON, PC**
110 N College Ave., Ste. 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Darin S. Snyder (*pro hac vice*)
dsnyder@omm.com
Luann L. Simmons (*pro hac vice*)
lsimmons@omm.com
David S. Almeling (*pro hac vice*)
dalmeling@omm.com
Mark Liang (*pro hac vice*)
mliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD.;
SAMSUNG ELECTRONICS AMERICA, INC.,
LG ELECTRONICS, INC. and
LG ELECTRONICS U.S.A., INC.**

        Kevin Johnson
kevinjohnson@quinnemanuel.com
Victoria Maroulis
victoriamaroulis@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Marissa Ducca
marissaducca@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan LLP**
1300 I Street NW
Washington DC 20005
Telephone: (202) 538-8109
Facsimile: (202) 538-8100

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD.;
SAMSUNG ELECTRONICS AMERICA, INC.**